DISTRICT OF OREGON, ss:                              AFFIDAVIT OF CALEB ENK

### Affidavit in Support of a Criminal Complaint and Arrest Warrant

I, Caleb T. Enk, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assigned to the Portland, Oregon Post of Duty and have been so employed since September 2005. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. During this training, I received instruction relating to federal law violations, investigation strategies, evidence collection, interview techniques, and search and seizure. As a special agent with ATF, part of my duties and responsibilities include conducting criminal investigations for possible violations of federal firearms, explosives, and arson laws. As such, I have been involved in numerous investigations of resulting in multiple successful prosecutions.

2.   I submit this affidavit in support of a criminal complaint and arrest warrant for Alexander Preston Hird. The arrest warrant is requested for unlawful possession of a firearm in violation of Title 18 U.S.C. Section 922(g)(1) and possession of methamphetamine with intent to distribute in violation of Title 21 U.S.C. Section 841(a)(1).

### Applicable Law

4.   As set forth below, I have probable cause to believe, and do believe, Alexander Preston Hird has committed the crimes of Felon in Possession of a Firearm in violation of Title 18 U.S.C. § 922(g)(1), which makes it unlawful for any person who has knowingly been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to

knowingly possess a firearm or ammunition that have been shipped or transported in interstate or foreign commerce; in addition to Title 21 U.S.C. § 841(a)(1), which makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## Statement of Probable Cause

5.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

**Arrests of Alexander Preston Hird:**

6.     On January 30, 2020, at approximately 0605 hours, Keizer Police Department (KZP) was on patrol and observed a maroon colored min-van bearing Oregon license plate 423 CQL parked in front of an apartment complex located at 755 Manbrin Drive NE in Keizer, Oregon. KZP saw the van was not running and had no lights on, and a male occupant sat in the driver's seat apparently looking at his phone. KZP parked approximately three car lengths behind the vehicle, and a short time later the van started up and pulled forward about 10 feet, before stopping briefly, and then driving away from the location. KZP queried DMV records and noted the van was registered to Hird, who was on parole at the time and did not live at the apartment complex.

7.      KZP followed the vehicle and conducted a traffic stop after observing the vehicle commit a traffic violation.   KZP contacted the driver and confirmed his identity as Hird.   KZP observed Hird appeared excessively nervous during the stop, and further observed a baseball bat tucked into the driver's door panel.   Hird was questioned about the presence of additional weapons inside the car, and he denied the presence of any.   An open container of vodka was also observed, in addition to a small zippered pouch.   Hird was questioned about the pouch, and he claimed to have recently found the pouch at a carwash, but did not know who it belonged to.   Hird was asked if he wanted to look inside the pouch in an attempt to identify the owner.   Hird opened the pouch and KZP observed numerous plastic baggies and suspected narcotics inside.   Hird was escorted from the vehicle and taken into custody.   Upon opening the driver's door, KZP observed a handgun in the door panel within close reach of where Hird was seated as the driver.

8.      KZP recovered the firearm and identified it as a Ruger pistol, model Mark I, .22 caliber, serial number 15-82859.   The pistol was loaded and chambered when recovered.   KZP tested the suspected drugs from inside the zippered pouch, and it field tested positive for methamphetamine with a total packaging weight of approximately 34 grams.   Also found in the vehicle was additional .22 caliber ammunition, as well as additional concealed weapons in the form of knives, another baseball bat, and a machete.   A digital scale and a separate baggie of suspected methamphetamine was located on the driver's seat as well.

9.      Hird was advised of his Miranda Rights and interviewed by KZP.   Hird admitted the drugs inside the zippered pouch belonged to him.   Hird stated the pistol did not belong to him, but that his fingerprints or DNA would be located on the gun as it was loaned to him by a

friend.  Hird initially claimed he was a drug dealer, but later stated he was a debt collector for his drug dealer.  Hird stated he was initially parked out front of the apartment complex to conduct surveillance on someone who owed money for drugs.

10. On February 16, 2020, Woodburn Police Department (WPD) responded to a call of a possible drunk driver.  The involved vehicle was described as a black Ford Escape bearing Oregon license plate XAR 396, and it was located near 825 S. Pacific Highway in Woodburn, Oregon.  WPD arrived and observed the vehicle to be illegally parked, facing north off of the southbound lanes.  WPD contacted the driver and sole occupant of the vehicle, and identified him as Alexander Hird.  During the contact Hird appeared nervous and stated he had pulled over for a minute, but was leaving soon.  While Hird searched the vehicle for proof of insurance, WPD observed several pill bottles in the center console and observed Hird had access to a fixed blade knife on the rear passenger seat.  WPD also confirmed Hird was on parole for burglary.

11. WPD asked to view the pill bottles, and Hird provided them.  WPD noted one of the bottles was empty and in a name not being Hird.  WPD noted the second bottle had blue pills imprinted with "C-1", and identified the pills as Clonazepam, a Schedule IV controlled substance.  Hird was advised of his Miranda Rights, and claimed the pills had been given to him in Salem, Oregon earlier that same day.  Hird denied the presence of additional narcotics inside the vehicle, and consented to a search.  During the search WPD located an eyeglass case in the driver's door pocket, with a vacuum sealed plastic bag inside containing suspected narcotics.  Additional suspected narcotics were located inside the vehicle as well.  The substances were field tested, and tested positive for methamphetamine with a total packaging weight of

approximately 59.8 grams.   Also located in the vehicle were two baseball bats, knives, and a hatchet.

12. During an interview, Hird claimed to be working for "agents" in Marion Co. DA's office.   Hird stated he was supposed to meet with a heroin dealer, show the dealer his methamphetamine, and the dealer would show 16 pounds of heroin in response.   Hird said he only knew the drug dealer as "Eric" and was not supposed to give information about who Hird was working for.   Hird was asked about the possible presence of messages on his phone related to drug distribution.   Hird confirmed such messages did exist.   Hird consented to a search of his cell phone and WPD observed text messages consistent with drug dealing.

13. I am assigned as the primary ATF agent for Marion County, Oregon and have been so for approximately a year and a half.   During this assignment I have worked with numerous law enforcement officials inside the county on the local, state, and federal level.   In response to Hird's claims to be working with agents out of Marion County DA's office, I asked multiple knowledgeable members of various law enforcement agencies if Hird is, or was working for them in any capacity.   I was told Hird is not currently, and has not previously been associated with them as an informant or cooperator in any capacity.   I also know that informants and other types of cooperators do not typically work directly for Marion County District Attorney's office, but rather for a law enforcement agency who may then present cases generated by such informants/cooperators to the DA's office for consideration of prosecution.   Lastly, through my many conversations and investigations with law enforcement officials in Marion County, Oregon I have never known Hird to be used as an informant/cooperator of any kind.

**Prior Criminal History and Felony Convictions:**

14. I have reviewed a computerized criminal history (CCH) and conviction documents for Alexander Preston Hird. The CCH and convictions documents revealed Hird has 11 arrest cycles in the state of Oregon, to include the following prior felony conviction:

- Burglary in the First Degree, on or about May 26, 2017, in Marion County Circuit Court, State of Oregon, Case Number 17CR14401, sentenced to 34 months prison

**Interstate Nexus:**

15. I am a specialist in the recognition and identification of firearms, ammunition, and their place of manufacture, and based on my training and experience, the aforementioned firearm seized in the January 30, 2020 incident was not manufactured in the State of Oregon, and therefore, would had to have traveled in interstate commerce to be possessed and recovered in Oregon.

## Conclusion

16. Based on the foregoing, I have probable cause to believe, and I do believe, that the crimes of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), have been committed by Alexander Preston Hird.

17. Prior to being submitted to the Court, this affidavit, accompanying criminal complaint, and arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Ashley Cadotte for the District of Oregon. AUSA Cadotte advised me that in her opinion the affidavit and criminal complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant. I declare under

penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

      DATED this 16th day of June, 2020.


                        *By Phone*
                        CALEB T. ENK
                        Special Agent
                        Bureau of Alcohol, Tobacco,
                        Firearms, and Explosives


      Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 5:12  a.m/p.m. on June  16 , 2020

                                            */s/ Stacie Beckerman*
                        HONORABLE ~~YOULEE YIM YOU~~
                        United States Magistrate Judge